UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. _____ |
| v. | : |
| | : UNDER SEAL |
| NESTOR ISIDRO PEREZ SALAS, also known as "Nestor Ernesto Perez Salas," "Nini," "El General," "19," "09," "Novena" | : |
| Defendant. | : |

## GOVERNMENT'S MOTION TO SEAL

The United States of America, by and through the undersigned counsel, respectfully moves the Court for an order directing that the Indictment, the arrest warrant, and the instant motion to seal remain under seal until further order of the Court and delaying entry on the public docket of all related matters. The Government also requests that the Court permit law enforcement to disclose the Indictment and arrest warrant as may be necessary for law enforcement during the arrest and extradition process. As grounds for the motion, the United States submits the following:

Courts have inherent power to control access to papers filed with the Courts. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." Times Mirror Co. v. United States, 873 F.2d 1210 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. See, Post v. Robinson, 935 F.2d 282, 289, n. 10 (D.C. Cir.

1991). The Government requests the matter remain under seal in order to protect the safety of cooperating witnesses and to prevent jeopardizing the investigation.

This case involves a drug trafficker who is responsible for conspiring to manufacture and distribute large quantities of cocaine and methamphetamine. The defendant is charged with conspiracy to manufacture and distribute five kilograms or more of cocaine and 500 grams or more of methamphetamine for importation into the United States and use, carry, and possession of firearms, as well as conspiracy to obstruct justice by retaliating against a witness and informant. The defendant is a citizen of Mexico.

The United States moves to seal the Indictment and related documents in the above-captioned case for several reasons. The United States needs an opportunity to assure the safety of its witnesses. The United States also needs to provide law enforcement with an opportunity to extradite or request the expulsion of the defendants from foreign countries before he can become aware of the charges filed against him in the United States. The United States may also need time to secure the safety of additional witnesses as well as their family members. While it will be necessary for law enforcement officials to disclose the existence of the Indictment and arrest warrant to foreign and domestic law enforcement officials as part of the extradition and investigative processes, public disclosure of such information could jeopardize the investigation and put law enforcement officials, their sources of information, and their families at risk.

The United States respectfully requests that this Court grant the Government's motion and order; that this motion, the Indictment, and the arrest warrant in the above captioned matter be sealed, except for such disclosures of copies of the Indictment and arrest warrants as may be

necessary by law enforcement during the arrest and extradition process; and that the Court delay entry on the public docket of all related matters.

Respectfully submitted,

Arthur G. Wyatt, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By: _____/s/_____
Kate Naseef
Kirk Handrich
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
145 N Street, NE, Suite 2E.300
Washington, D.C. 20530