UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn on January 28, 2021

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. _____ |
| | ) |
| | ) UNDER SEAL |
| v. | ) |
| | ) 21 U.S.C. §§ 959(a), 960, 963 |
| | ) (Conspiracy to Manufacture and |
| NESTOR ISIDRO PEREZ SALAS, | ) Distribute Five Kilograms or More |
| also known as "Nestor Ernesto Perez Salas," | ) of Cocaine and 500 Grams or More |
| "Nini," "El General," "19," "09," "Novena" | ) of Methamphetamine for |
| | ) Importation into the United States) |
| Defendant. | ) |
| | ) 18 U.S.C. § 924(c) |
| | ) (Use, Carry, and Possession of a |
| | ) Firearm) |
| | ) |
| | ) 18 U.S.C. §§ 1513, 1111 |
| | ) (Conspiracy to Obstruct Justice by |
| | ) Retaliating Against Witness and |
| | ) Informant) |
| | ) |
| | ) 18 U.S.C. § 2 |
| | ) (Aiding and Abetting) |
| | ) |
| | ) 21 U.S.C. § 853 and § 970 |
| | ) (Criminal Forfeiture) |

Case: 1:21-cr-00146
Assigned to: Judge Rudolph Contreras
Assign Date: 2/22/2021
Description: INDICTMENT (B)
Related Case: 19-cr-178 (RC)

**INDICTMENT**

The Grand Jury charges that:

## COUNT ONE

Beginning in and around 2012, and continuing to the date of this Indictment, the exact dates being unknown to the Grand Jury, in the countries of Guatemala, Mexico, the United States and elsewhere, the Defendant, **NESTOR ISIDRO PEREZ SALAS**, also known as "Nestor Ernesto Perez Salas," "Nini," "El General," "19," "09," "Novena," together with others, both known

1

and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to manufacture and distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960, all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

With respect to the Defendant, the controlled substances involved in the conspiracy attributable to the Defendant as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is: five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine and five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 960(b)(1)(B)(ii) and 960(b)(1)(H).

> (Conspiracy to Manufacture and Distribute Five Kilograms or More of Cocaine and 500 Grams or More of Methamphetamine, Intending, Knowing, and Having Reasonable Cause to Believe That Such Substances Would be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(B)(ii), 960(b)(1)(H), and 963; and Aiding and Abetting in violation of Title 18, United States Code, Section 2.)

### COUNT TWO

From in or about January 2017, and continuing thereafter up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, the Defendant, **NESTOR ISIDRO PEREZ SALAS, also known as "Nestor Ernesto Perez Salas," "Nini," "El General," "19," "09," "Novena,"** did knowingly and intentionally use, carry, brandish, and discharge a firearm, during and in relation to one or more drug trafficking crimes, to wit: the crime

charged in Count One, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crimes, one or more of which firearms was a semiautomatic assault weapon and a machinegun and a destructive device, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(i), 924(c)(1)(B)(ii), and 2.

(Use, Carry, and Possession of a Firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(i), and 924(c)(1)(B)(ii); and Aiding and Abetting, in violation of Title 18, United States Code, Section 2)

### COUNT THREE

Beginning on or about January 2017 and continuing to the date of this Indictment, the exact dates being unknown to the Grand Jury, in the United States, Mexico and elsewhere, the Defendant, NESTOR ISIDRO PEREZ SALAS, also known as "Nestor Ernesto Perez Salas," "Nini," "El General," "19," "09," "Novena," together with others, both known and unknown to the Grand Jury, did conspire to kill and attempt to kill one or more persons and to knowingly engage in conduct, attempt to engage in conduct, and threaten to engage in conduct that caused bodily injury to one or more persons and damaged the tangible property of one or more person, with the intent to retaliate  in violation of Title 18, United States Code, Sections 1513(a)(1)(A), 1513(a)(1)(B), 1513(f), 1111, and 2.

(Conspiracy to Obstruct Justice by Retaliating Against a Witness and Informant, in violation of Title 18, United States Code, Sections 1513(a)(1)(A), 1513(a)(1)(B), 1513(f), and 1111; Aiding and Abetting in violation of Title 18, United States Code, Section 2)

## CRIMINAL FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendant that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

Said property includes, but is not limited to:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as a result of the Title 21 offense charged in this Indictment, and all property used or intended to be used to facilitate the offense, that is, not less than a sum of money representing the amount of funds involved in the offense, and all interest and proceeds traceable thereto; in that such sum, in aggregate, was received by the Defendant in exchange for the distribution of controlled substances or is traceable thereto. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant –

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, Untied States Code, Sections 853 and 970.)

A TRUE BILL:

███████████████

Foreperson

*/s/ Arthur Wyatt*

ARTHUR WYATT
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

By: */s/ Kate Naseef*

KATE NASEEF
KIRK HANDRICH
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY
ANGELA D. CAESAR, Clerk
By: *B. Bryant*
Deputy Clerk